*USPS Article #9414811898765462818150 Date: 05/15/2024*

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-04257-S3**
**5/9/2024 12:08 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PAUL SALIM,<br>PLAINTIFF,<br>vs.<br>WALMART, INC., WALMART STORES EAST, L.P., AND WALMART CLAIMS SERVICES, INC.,<br>DEFENDANTS. | **CIVIL ACTION FILE NUMBER:**<br>24-C-04257-S3<br>**COMPLIANT FOR INJURIES** |

**COMES NOW** Paul Salim, Plaintiff, by Elisabeth Maheri and Georgia Trial Attorneys at Kirchen & Grant, LLC, their attorneys, sues the Defendants, Walmart, Inc., Walmart Stores East, L.P., and Walmart Claims Services, Inc. (hereinafter collectively referred to as "Defendant Walmart"), and in support, states as follows:

1. This is an action for personal injuries arising from a slip and fall incident at the Walmart Supercenter located in Duluth, Georgia.

**JURISDICTION AND VENUE**

2. Plaintiff is a resident of Georgia submitting himself hereby to the jurisdiction and venue of this Court.

3. Walmart, Inc. is a foreign, Delaware-based, for-profit corporation existing under the laws of the State of Delaware, with its principal place of business, as of the date of the filing of this Complaint, located at 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant Walmart, Inc. may be served with a Summons and Complaint via O.C.G.A. § 14-2-504 through its Registered Agent, as of the date of the filing of this Complaint, Corporation Company, 106 Colony Park Drive, Ste. 800-B, Cumming Georgia 30040. Defendant Walmart, Inc. is a proper party to this action and jurisdiction and venue are proper as to it in this Court.



Exhibit A 6409-11

4. Walmart Stores East, L.P. is a foreign, Delaware-based, for-profit corporation existing under the laws of the State of Delaware, with its principal place of business, as of the date of the filing of this Complaint, located at 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant Walmart Stores East, L.P. may be served with a Summons and Complaint via O.C.G.A. § 14-2-504 through its Registered Agent, as of the date of the filing of this Complaint, The Corporation Company (FL), 106 Colony Park Drive, Ste. 800-B, Cumming Georgia 30040. Defendant Walmart Stores East, L.P. is a proper party to this action and jurisdiction and venue are proper as to it in this Court.

5. Walmart Claims Services, Inc. is a foreign, Arkansas-based, for-profit corporation existing under the laws of the State of Arkansas, with its principal place of business, as of the date of the filing of this Complaint, located at 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant Walmart Claims Services, Inc. may be served with a Summons and Complaint via O.C.G.A. § 14-2-504 through its Registered Agent, as of the date of the filing of this Complaint, CT Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046. Defendant Walmart Claims Services, Inc. is a proper party to this action and jurisdiction and venue are proper as to it in this Court.

6. Defendants Walmart, Inc., Walmart Stores East, L.P., and Walmart Claims Services, Inc. are joint tortfeasors.

7. Venue is proper as the incident occurred in Gwinnett County and Defendant Walmart Claims Services, Inc. maintains a registered agent in Gwinnett County.

8. Pursuant to OCGA §9-3-33, actions for injuries to the person shall be brought within two years after the right of action accrues. This action is brought before the two-year limitation.

**FACTS COMMON TO ALL COUNTS**

9. On July 24, 2023, Plaintiff slipped on an unknown substance while visiting the Walmart Supercenter located at 2635 Pleasant Hill Road, Duluth, Georgia 30096 (the "Premises") as a business invitee.

10. The premises is owned and operated by Walmart, Inc. and/or Walmart Stores East, L.P.

11. As a direct and proximate consequence of his fall, Plaintiff suffered personal injuries.

**COUNT I - PREMISES LIABILITY AS TO DEFENDANTS**

12. As the owner or occupier of the Premises, Walmart had a duty of ordinary care pursuant to OCGA § 51-3-1 or other applicable law to keep the premises safe for invitees such as Plaintiff.

13. Walmart breached said duty of care by installing, maintaining, and failing properly to inspect and remediate a hazard, specifically a slippery unknown substance on the floor, which constituted a hazardous condition on the Premises.

14. Walmart had superior knowledge of said hazard.

15. As a direct and proximate consequence of Walmart's breach of duty, Plaintiff suffered a personal injury for which Walmart should be held liable to pay damages, including without limitation special damages in the form of medical expenses in the amount of at least $183,283.30, as well as general damages for his pain, suffering, and emotional distress in an amount to be determined at trial.

**COUNT II - ORDINARY NEGLIGENCE OF DEFENDANTS**

16. Walmart had a duty of ordinary care in the inspection and maintenance of its facility and had a duty of care in the setting of corporate policies and supervision of said conduct by Walmart employees.

17. Defendant breached their respective duties of care.

**COUNT III-VICARIOUS LIABILITY OF DEFENDANTS**

18. Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.
19. At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Walmart and were acting within the scope of their employment.
20. Defendants are responsible for the conduct of these individuals under the doctrine of respondeat superior, agency, or apparent agency.

**COUNT IV-NEGLIGENT TRAINING & SUPERVISION OF DEFENDANTS**

21. Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.
22. Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.
23. Defendants were negligent in training and supervising its staff.
24. As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.
25. Plaintiff did not cause or contribute to the fall and was not negligent in any manner.

**COUNT V-DAMAGES**

26. As a direct and proximate consequence of said breaches of duty, Plaintiff suffered a personal injury for which the Defendants herein should be held liable to pay damages, including without limitation special damages in the form of medical expenses in the

amount of at least $183,283.30, as well as general damages for his pain, suffering, and emotional distress in an amount to be determined at trial.

27. All of the Plaintiff's losses were, are and will be due to the carelessness and negligence of the Defendant without any negligence or want of due care on the Plaintiff's part contributing to the harm done.

**WHEREFORE**, Plaintiff requests:

a. Judgement be awarded to Plaintiff against Defendants for the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. Judgement be awarded to Plaintiff against Defendants for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the trier of fact; and

c. That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted Thursday, May 9, 2024.

**GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC**

/s/Elisabeth Maheri
Elisabeth Maheri, Esq.
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA 30071-1266
Firm Phone: (678) 667-8965
Attorney Email: emaheri@8334thewin.com
**Electronic Service Email: GAEfile@8334thewin.com**

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-04257-S3
5/9/2024 12:08 PM
TIANA P. GARNER, CLERK

# General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett State Court **County**

**For Clerk Use Only**

**Date Filed** ____________________ **Case Number** 24-C-04257-S3
**MM-DD-YYYY**

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Salim, Paul | Walmart, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Walmart Stores East, L.P. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Walmart Claims Services, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Elisabeth Maheri **State Bar Number** 675919 **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

____________________ **Case Number** ____________________ **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

____________________ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. 24-C-04257-S3
Date Filed: May 9, 2024

**State Court**
**Gwinnett County, Georgia**

**Attorney's Address**
Elisabeth Maheri, Esq.
Georgia Trial Attorneys at Kirchen & Grant, LLC
6825 Jimmy Carter Boulevard Ste 1400
Norcross, GA 30071-1266

Paul Salim
**Plaintiff(s)**

**VS.**

Walmart, Inc., Walmart Stores East, L.P., and Walmart Claims Services, Inc.
**Defendant(s)**

**Garnishee**

RECEIVED 2024 JUN -6 AM 9:57 CIV. DIV. G.C.S.O.

**Name and Address of Party to be Served:**
**Walmart Claims Services, Inc.**
**c/o CT Corporation System**
**289 S Culver Street**
**Lawrenceville, GA 30046**

**Documents Served to above-named** | ☒Summons ☒ Complaint ☒ Leave for Plaintiff ☒Admissions ☒ Interrogatories | ☒ Request for Production of Documents ☒ 5.2 Certificate of Service of Discovery

**SHERIFF'S ENTRY OF SERVICE**

FILED IN OFFICE CLERK STATE COURT GWINNETT COUNTY, GA 2024 JUN -7 AM 10:47 TIANA P. GARNER, CLERK

**Personal** ☐ I have this day served the defendant ______________________ personally with a copy of the within action and summons.

**Notorious** ☐ I have this day served the defendant ______________________ by leaving a copy of the action and summons at his/her most notorious place of abode in this County.

Delivered into the hands of ______________________ described as follows: age about __________ years; weight, about __________ pounds; height, about __________ feet and _______ inches; domiciled at the residence of the defendant.

**Corporation** ☑ Served the defendant Walmart Claims Services Inc a corporation by leaving a copy of the within action and summons with Linda Banks in charge of the office and place of doing business of said Corporation in this county.

**Tack & Mail** ☐ I have his day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons with adequate postage affixed thereon containing notice to the defendant() to answer said summons at the place state din the summons.

**Non Est** ☐ Diligent search made and defendant ______________________ cannot be found in the jurisdiction of this Court.

This 7 day of June, 20 24.

U. Higgins 50541
Deputy

**WHITE: Clerk's Copy YELLOW: Plaintiff / Attorney's Copy PINK: Defendant's Copy**

# Gwinnett County Sheriff's Office

## Cover Sheet

**Sheriff #:** 24018195

**Person Served:** WALMART CLAIMS SERVICES INC
289 S CULVER ST
LAWRENCEVILLE GA 30046
PHONE:

**Process Information:**

Date Received: 06/06/2024

Assigned Zone: 289 S. Culver

Court Case #: 24-C-04257-S3

Expiration Date:

Hearing Date:

Paper Types: COMPLAINT FOR INJURIES

Notes/Alerts:

**Notes:**

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-04257-S3**
**5/9/2024 12:08 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

Paul Salim
Plaintiff.

v.

Walmart, Inc., Walmart Stores East, L.P., and Walmart Claims Services, Inc.,
Defendant.

File No.: 24-C-04257-S3

## SUMMONS

**TO Walmart Stores East, L.P., AN ABOVE-NAMED DEFENDANT :**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Elisabeth Maheri, Esq.
Georgia Trial Attorneys at Kirchen & Grant, LLC
6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA 30071-1266
**Electronic Service Email:** mailto:GAEfile@8334thewin.com

an answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 10th day of May, 2024.

Tiana P. Garner, Clerk of Court

DEPUTY Clerk of Court

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-04257-S3**
**5/9/2024 12:08 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

Paul Salim
Plaintiff.

v.

Walmart, Inc., Walmart Stores East, L.P., and Walmart Claims Services, Inc.,
Defendant.

File No.: 24-C-04257-S3

## SUMMONS

**TO: Walmart, Inc., AN ABOVE-NAMED DEFENDANT :**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Elisabeth Maheri
Georgia Trial Attorneys at Kirchen & Grant, LLC
6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA 30071-1266
**Electronic Service Email:** mailto:GAEfile@8334thewin.com

an answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 10th day of May, 2024 day of ____________, 2024.

Tiana P. Garner, Clerk of Court

DEPUTY Clerk of Court

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-04257-S3**
**5/9/2024 12:08 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

Paul Salim
Plaintiff.

v.

Walmart, Inc., Walmart Stores East, L.P., and Walmart Claims Services, Inc.,
Defendants.

File No.: 24-C-04257-S3

## SUMMONS

**TO Walmart Claims Services, Inc., AN ABOVE-NAMED DEFENDANT :**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Elisabeth Maheri, Esq.
Georgia Trial Attorneys at Kirchen & Grant, LLC
6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA 30071-1266
**Electronic Service Email:** mailto:GAEfile@8334thewin.com

an answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 10th day of May, 2024 day of ____________, 2024.

Tiana P. Garner, Clerk of Court

[signature]
DEPUTY Clerk of Court

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-04257-S3
5/9/2024 12:08 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PAUL SALIM,<br>PLAINTIFF,<br>vs.<br>WALMART, INC., WALMART STORES EAST, L.P., AND WALMART CLAIMS SERVICES, INC,<br>DEFENDANTS. | **CIVIL ACTION FILE NUMBER:**<br>24-C-04257-S3<br><br>**Rule 5.2 Certificate of Service of Discovery Material** |

This is to certify that the undersigned served true and accurate copies of:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC.,
2. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART STORES EAST, L.P.
3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART CLAIMS SERVICES, INC., AND
4. A COPY OF THIS RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

to all parties of record via service with the Summons and Complaint.

I further certify that, in accordance with O.C.G.A. § 9-11-29.1(a), the undersigned responsible for service of the above documents acknowledges that they are in possession of the originals of the foregoing and the custodian thereof, the same to be held in accordance with the foregoing local rule.

Respectfully submitted Thursday, May 9, 2024.

**GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC**

/s/Elisabeth Maheri
Elisabeth Maheri, Esq.
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA 30071-1266
Firm Phone: (678) 667-8965
Attorney Email: emaheri@8334thewin.com
**Electronic Service Email: GAEfile@8334thewin.com**

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-04257-S3
5/9/2024 12:08 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PAUL SALIM,

PLAINTIFF,

V.

WALMART, INC., WALMART STORES EAST, L.P., AND WALMART CLAIMS SERVICES, INC.,

DEFENDANTS.

CIVIL ACTION
FILE NO.: 24-C-04257-S3

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART CLAIMS SERVICES, INC.**

## REQUEST FOR ADMISSIONS

In accordance with O.C.G.A. §§ 9-11-26 and 9-11-36, please answer separately each of the following requests for admissions within 30 days after service of this request, or the matter will be deemed admitted.

If objection is made, the reason therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

The term "incident" refers to the motor vehicle incident which is the subject of this lawsuit, and which occurred on or about July 24, 2023.

### *DEFENSES*

1. Admit this Defendant has read and personally participated in answering each item in Plaintiff's First Request for Admissions, Interrogatories, and Request for Production of Documents to Walmart Claims Services, Inc.

2. Admit this Defendant has been properly served with the summons and complaint.

3. Admit this Defendant will acknowledge service of the summons and complaint.

4. Admit this court has personal jurisdiction over this Defendant.

5. Admit this court has subject-matter jurisdiction in this case.

6. Admit venue is proper in this court.

7. Admit Plaintiff's complaint alleges a specific amount of medical bills incurred because of the incident.

8. Admit this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

9. Admit Plaintiff's complaint was filed before the expiration of the statute of limitations.

10. Admit this Defendant was served with a copy of the complaint prior to the expiration of the statute of limitations.

11. Admit this Defendant was properly named in the complaint.

12. Admit Plaintiff's complaint states a claim of negligence against this Defendant.

***INCIDENT INFORMATION***

13. Admit this Defendant and the Plaintiff were involved in an incident on or about July 24, 2023.

14. Admit the incident occurred at the Walmart Supercenter restaurant located in Duluth, Georgia.

15. Admit this Defendant had exclusive ownership over the premises located at the Walmart Supercenter located in Duluth, Georgia at the time of the incident.

16. Admit Defendant had exclusive possession over the premises located the Walmart Supercenter located in Duluth, Georgia at the time of the incident.

17. Admit this Defendant had exclusive control over the premises located the Walmart Supercenter located in Duluth, Georgia at the time of the of the incident.

18. Admit this Defendant was exclusively responsible for janitorial cleaning of the area involved in Plaintiff's slip and fall.

19. Admit Plaintiff was an invitee on the premises at the time of the incident.

20. Admit, at the time of the incident, there were no cones or other warning signs in the area where the fall occurred.

21. Admit, at the time of the incident, there was an unknown slippery substance on the floor where Plaintiff fell, which constituted a hazardous condition on the Premises at the Walmart Supercenter in Duluth, Georgia.

***INJURIES***

22. Admit Plaintiff was injured as a result of the incident.

23. Admit neither this Defendant, or anyone acting on this Defendant's behalf, has had the Plaintiff's medical records reviewed by an expert.

***LIABILITY***

24. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 15-minute period prior to the Plaintiff's fall.

26. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 10-minute period prior to the Plaintiff's fall.

27. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 5-minute period prior to the Plaintiff's fall.

28. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 20-minute period prior to the Plaintiff's fall.

29. Admit this Defendant's employees did not remove the unknown slippery substance from the floor prior to the Plaintiff's fall.

30. Admit this Defendant's employees failed to take adequate measures to protect invitees from hazards on the floor at the time of Plaintiff's fall.

31. Admit this Defendant's employees failed to place any warning cones or signs in the area at the time of Plaintiff's fall.

32. Admit Plaintiff did not cause the unknown slippery substance to be placed on the floor at the time of the incident.

33. Admit this Defendant is liable for the actions of its employees at the time of the incident.

34. Admit neither this Defendant, or anyone acting on this Defendant's behalf, has had the Plaintiff's medical records reviewed by an expert.

35. Admit this Defendant does not contend anyone not a Defendant in this action caused or contributed to the Plaintiff's injuries.

***PLAINTIFF'S CONDITION AND TREATMENT***

36. Admit Plaintiff has provided this Defendant with a copy of their medical records and bills following the incident.

37. Admit Plaintiff has provided this Defendant's agent with a copy of their medical records and bills following the incident.

38. Admit after the incident, Plaintiff sought medical treatment.

39. Admit Plaintiff reported they were experiencing pain as a result of the incident.

40. Admit Plaintiff actually experienced the symptoms they reported.

44. Admit Plaintiff reported they were experiencing pain as a result of the incident.

## REQUEST FOR INTERROGATORIES

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the Defendant above named for response within 30 days after service hereof, or 45 days after service of the

interrogatories and request for production if served with the complaint, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental responses upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the Defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys, and insurers of the Defendant.

Each request for production shall be produced by Defendant for examination and copying by attorneys and/or agents of Plaintiff. All documents are to be produced at the offices of GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC. at 6825 Jimmy Carter Blvd., Suite 1400, Norcross, Ga 30071 at 10:00am on the thirty-first (31st) day after service of this request for production, or at that time on the succeeding business day if such date is not a business day. If these requests to Produce are served with the complaint, then production shall occur on the forty-sixth (46th) after service of this request for production. Production may be accomplished by mailing cd containing clear colored copies of all requested documents with a response to the attorneys listed at the above office.

**DEFINITIONS**

1) The term "Defendant" as hereinafter used in these interrogatories shall include, in addition to the named party or parties, their attorneys, agents, servants, employees, representatives, private investigators, and others who are in possession of, or who may have obtained information for or on behalf of, the named party or parties. This definition specifically includes any insurance companies and agents acting on behalf of the Defendant.

2) The term "identify" as hereinafter used in these interrogatories with reference to a document means to state the date, author, type of document, or some other means of identifying it and its present location or custodian. If any such document was, but is no longer, in this Defendant possession or subject to this Defendant control, state what disposition was made of it.

3) The terms "identify" or "identity" as hereinafter used in these interrogatories with reference to an individual person, mean to state his or her full name, present address, telephone number, present or last known position and business affiliation, and his or her position and business affiliation at the time in question.

4) The term "specific" and "specifically" as hereinafter used in these interrogatories, means precisely, exactly or definitely, setting forth in detail the precise and exact sequence of events or transactions entailed in the occurrence, which is the subject of the interrogatory, however if this Defendant are not able to be "specific", then a general answer should be provided.

5) The term "incident" is used to designate that event or events which the Plaintiff alleges occurred and which the Plaintiff claims gave rise to the claim in this lawsuit against the Defendant.

**INTERROGATORIES**

1. State the name and address of any person, including any party, who, to your knowledge, information or belief: (a) Was an eyewitness to the incident complained of in this action; (b) Has some knowledge of any fact or circumstance upon which your defense is based; (c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

2. If, to your knowledge, information or belief, any person identified in answering the preceding interrogatory given any statement or report in connection with this action, describe such

statement or report and give the name and address of the person having custody and control thereof.

3. Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

4. Please identify any entity or person with any financial interest, lease or ownership interest in the Walmart Supercenter on the date of the incident.

5. If, to your knowledge, information or belief, there are any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6. If there have been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident, please state: (a) Date of incident; (b) Name, address and telephone number of injured person; (c) Description of incident.

7. Please state the identity of each person working for this Defendant on the premises with any duties for the area where this incident occurred on the date of this incident.

8. If any entity has issued a policy of liability insurance to the defendant, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

9. If any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance, please explain.

10. If this Defendant contends that the plaintiff caused or contributed to the incident in question, state with particularity each and every contention made in this regard and list the documents or witnesses this Defendant relies upon to make such contention.

11. If this Defendant intends to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

12. Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

13. Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

14. If there have ever been any complaints made about the area where this incident occurred, please state: (a) The date(s) of each complaint; (b) The person(s) making each complaint; (c) The nature of each complaint; (d) Any action taken as a result of each complaint.

15. If there were any contracts or agreements with other individuals or entities regarding the maintenance, inspection, or security of the property where the plaintiff fell as described in the complaint, state: (a) The identity of the contracting parties; (b) The address and telephone number of the contracting parties; (c) The duties of the contracting parties.

16. Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident. In regard to each employee, please state: (a) The name of each person; (b) The address of each person; (c) The telephone number of each person; (d) The shift worked by each person if an employee; (e) The job duties and responsibilities of each person if an employee.

17. Please describe any inspection procedures utilized in regard to the area where this incident occurred.

18. Please describe any cleaning procedures utilized in regard to the area where this incident occurred.

19. Have there been any audits, inspections or evaluations of the area where the Plaintiff fell for the past five years?

20. If this Defendant contends a person or entity not a defendant in this action caused or contributed to cause the injuries to Plaintiff, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The term "document" or "documents" is meant to coincide with the use of that term in O.C.G.A. § 9-11-34 and is intended to include all written or graphic material, however produced or reproduced, of every kind and description, including, but not limited to, the original and any copy, regardless of origin or location, of any books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, handwritten notes, maps, drawings, working papers, charts, papers, graphs, indexes, tapes, data sheets, data-processing cards, computer print-outs, email, electronic record, computer maintained data, computer generated data, photographs, video, movies or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which this Defendant have or have had any access.

This definition includes all documents in this Defendant actual or constructive possession, custody or control, or in the possession, custody or control of this Defendant employer, attorneys

or agents. If any document was, but is no longer, in this Defendant possession or subject to this Defendant control or was known to this Defendant, but is no longer in existence, state whether it:

1. Is missing or lost;

2. Has been destroyed;

3. Has been transferred, voluntarily or involuntarily, to others; or

4. Has been otherwise disposed of and, in such instance, explain in detail the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

Any documents that are withheld as work product or privileged shall be identified as such, and the reason for their classification explained in each case. If this Defendant object to answering any part of a request for production, please specify the part to which this Defendant object, and answer the remainder.

**DOCUMENTS TO BE PRODUCED**

1. All documents, statements, photos, or things identified by this Defendant's answers to the Plaintiff's interrogatories above. This interrogatory specifically requests laser color copies or provide a CD with color copies. Plaintiff will gladly provide a CD for this Defendant's use.

2. All such statements or reports referenced in Interrogatory 1 and 2.

3. All such videotapes, photographs, plats or drawings referenced in Interrogatory 4.

4. Any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in referenced in Interrogatory 5.

5. Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatory 10.

6. Any documents obtained through a request for production of documents or subpoena.

7. Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to interrogatory 11.

8. Any and all policy and procedure manuals given to the defendant's employees.

9. Any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.

10. The payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

11. Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to interrogatory 13.

12. Any incident report or other report concerning the incident described in the complaint.

13. Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

14. Any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff was injured.

15. Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the plaintiff.

16. Any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

17. Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

18. Any surveillance videos taken on the day of the incident.

19. Any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.

20. Any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years.

21. Any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years.

Submitted Thursday, May 9, 2024.

**GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC**

*/s/ Elisabeth Maheri*
Elisabeth Maheri, Esq.
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA, 30071-1266
Phone: (678) 667-8965
Fax: (678) 447-0571
Email: emaheri@8334thewin.com

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-04257-S3**
**5/9/2024 12:08 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PAUL SALIM,

PLAINTIFF,

V.

WALMART, INC., WALMART STORES EAST, L.P., AND WALMART CLAIMS SERVICES, INC.,

DEFENDANTS.

CIVIL ACTION
FILE NO.:
24-C-04257-S3

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC.**

**REQUEST FOR ADMISSIONS**

In accordance with O.C.G.A. §§ 9-11-26 and 9-11-36, please answer separately each of the following requests for admissions within 30 days after service of this request, or the matter will be deemed admitted.

If objection is made, the reason therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

The term "incident" refers to the motor vehicle incident which is the subject of this lawsuit, and which occurred on or about July 24, 2023.

***DEFENSES***

1. Admit this Defendant has read and personally participated in answering each item in Plaintiff's First Request for Admissions, Interrogatories, and Request for Production of Documents to Walmart, Inc.
2. Admit this Defendant has been properly served with the summons and complaint.
3. Admit this Defendant will acknowledge service of the summons and complaint.
4. Admit this court has personal jurisdiction over this Defendant.

5. Admit this court has subject-matter jurisdiction in this case.

6. Admit venue is proper in this court.

7. Admit Plaintiff's complaint alleges a specific amount of medical bills incurred because of the incident.

8. Admit this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

9. Admit Plaintiff's complaint was filed before the expiration of the statute of limitations.

10. Admit this Defendant was served with a copy of the complaint prior to the expiration of the statute of limitations.

11. Admit this Defendant was properly named in the complaint.

12. Admit Plaintiff's complaint states a claim of negligence against this Defendant.

***INCIDENT INFORMATION***

13. Admit this Defendant and the Plaintiff were involved in an incident on or about July 24, 2023.

14. Admit the incident occurred at the Walmart Supercenter restaurant located in Duluth, Georgia.

15. Admit this Defendant had exclusive ownership over the premises located at the Walmart Supercenter located in Duluth, Georgia at the time of the incident.

16. Admit Defendant had exclusive possession over the premises located the Walmart Supercenter located in Duluth, Georgia at the time of the incident.

17. Admit this Defendant had exclusive control over the premises located the Walmart Supercenter located in Duluth, Georgia at the time of the of the incident.

18. Admit this Defendant was exclusively responsible for janitorial cleaning of the area involved in Plaintiff's slip and fall.

19. Admit Plaintiff was an invitee on the premises at the time of the incident.

20. Admit, at the time of the incident, there were no cones or other warning signs in the area where the fall occurred.

21. Admit, at the time of the incident, there was an unknown slippery substance on the floor where Plaintiff fell, which constituted a hazardous condition on the Premises at the Walmart Supercenter in Duluth, Georgia.

***INJURIES***

22. Admit Plaintiff was injured as a result of the incident.

23. Admit neither this Defendant, or anyone acting on this Defendant's behalf, has had the Plaintiff's medical records reviewed by an expert.

***LIABILITY***

24. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 15-minute period prior to the Plaintiff's fall.

26. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 10-minute period prior to the Plaintiff's fall.

27. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 5-minute period prior to the Plaintiff's fall.

28. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 20-minute period prior to the Plaintiff's fall.

29. Admit this Defendant's employees did not remove the unknown slippery substance from the floor prior to the Plaintiff's fall.

30. Admit this Defendant's employees failed to take adequate measures to protect invitees from hazards on the floor at the time of Plaintiff's fall.

31. Admit this Defendant's employees failed to place any warning cones or signs in the area at the time of Plaintiff's fall.

32. Admit Plaintiff did not cause the unknown slippery substance to be placed on the floor at the time of the incident.

33. Admit this Defendant is liable for the actions of its employees at the time of the incident.

34. Admit neither this Defendant, or anyone acting on this Defendant's behalf, has had the Plaintiff's medical records reviewed by an expert.

35. Admit this Defendant does not contend anyone not a Defendant in this action caused or contributed to the Plaintiff's injuries.

***PLAINTIFF'S CONDITION AND TREATMENT***

36. Admit Plaintiff has provided this Defendant with a copy of their medical records and bills following the incident.

37. Admit Plaintiff has provided this Defendant's agent with a copy of their medical records and bills following the incident.

38. Admit after the incident, Plaintiff sought medical treatment.

39. Admit Plaintiff reported they were experiencing pain as a result of the incident.

40. Admit Plaintiff actually experienced the symptoms they reported.

44. Admit Plaintiff reported they were experiencing pain as a result of the incident.

## REQUEST FOR INTERROGATORIES

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the Defendant above named for response within 30 days after service hereof, or 45 days after service of the interrogatories and request for production if served with the complaint, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental responses upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the Defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys, and insurers of the Defendant.

Each request for production shall be produced by Defendant for examination and copying by attorneys and/or agents of Plaintiff. All documents are to be produced at the offices of GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC. at 6825 Jimmy Carter Blvd., Suite 1400, Norcross, Ga 30071 at 10:00am on the thirty-first (31st) day after service of this request for production, or at that time on the succeeding business day if such date is not a business day. If these requests to Produce are served with the complaint, then production shall occur on the forty-sixth (46th) after service of this request for production. Production may be accomplished by mailing cd containing clear colored copies of all requested documents with a response to the attorneys listed at the above office.

**DEFINITIONS**

1) The term "Defendant" as hereinafter used in these interrogatories shall include, in addition to the named party or parties, their attorneys, agents, servants, employees, representatives, private investigators, and others who are in possession of, or who may have obtained information for or on behalf of, the named party or parties. This definition specifically includes any insurance companies and agents acting on behalf of the Defendant.

2) The term "identify" as hereinafter used in these interrogatories with reference to a document means to state the date, author, type of document, or some other means of identifying it and its present location or custodian. If any such document was, but is no longer, in this

Defendant possession or subject to this Defendant control, state what disposition was made of it.

3) The terms "identify" or "identity" as hereinafter used in these interrogatories with reference to an individual person, mean to state his or her full name, present address, telephone number, present or last known position and business affiliation, and his or her position and business affiliation at the time in question.

4) The term "specific" and "specifically" as hereinafter used in these interrogatories, means precisely, exactly or definitely, setting forth in detail the precise and exact sequence of events or transactions entailed in the occurrence, which is the subject of the interrogatory, however if this Defendant are not able to be "specific", then a general answer should be provided.

5) The term "incident" is used to designate that event or events which the Plaintiff alleges occurred and which the Plaintiff claims gave rise to the claim in this lawsuit against the Defendant.

**INTERROGATORIES**

1. State the name and address of any person, including any party, who, to your knowledge, information or belief: (a) Was an eyewitness to the incident complained of in this action; (b) Has some knowledge of any fact or circumstance upon which your defense is based; (c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

2. If, to your knowledge, information or belief, any person identified in answering the preceding interrogatory given any statement or report in connection with this action, describe such statement or report and give the name and address of the person having custody and control thereof.

3. Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

4. Please identify any entity or person with any financial interest, lease or ownership interest in the Walmart Supercenter on the date of the incident.

5. If, to your knowledge, information or belief, there are any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6. If there have been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident, please state: (a) Date of incident; (b) Name, address and telephone number of injured person; (c) Description of incident.

7. Please state the identity of each person working for this Defendant on the premises with any duties for the area where this incident occurred on the date of this incident.

8. If any entity has issued a policy of liability insurance to the defendant, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

9. If any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance, please explain.

10. If this Defendant contends that the plaintiff caused or contributed to the incident in question, state with particularity each and every contention made in this regard and list the documents or witnesses this Defendant relies upon to make such contention.

11. If this Defendant intends to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions

held by each such expert or technician and give a complete summary of the grounds for each opinion held.

12. Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

13. Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

14. If there have ever been any complaints made about the area where this incident occurred, please state: (a) The date(s) of each complaint; (b) The person(s) making each complaint; (c) The nature of each complaint; (d) Any action taken as a result of each complaint.

15. If there were any contracts or agreements with other individuals or entities regarding the maintenance, inspection, or security of the property where the plaintiff fell as described in the complaint, state: (a) The identity of the contracting parties; (b) The address and telephone number of the contracting parties; (c) The duties of the contracting parties.

16. Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident. In regard to each employee, please state: (a) The name of each person; (b) The address of each person; (c) The telephone number of each person; (d) The shift worked by each person if an employee; (e) The job duties and responsibilities of each person if an employee.

17. Please describe any inspection procedures utilized in regard to the area where this incident occurred.

18. Please describe any cleaning procedures utilized in regard to the area where this incident occurred.

19. Have there been any audits, inspections or evaluations of the area where the Plaintiff fell for the past five years?

20. If this Defendant contends a person or entity not a defendant in this action caused or contributed to cause the injuries to Plaintiff, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The term "document" or "documents" is meant to coincide with the use of that term in O.C.G.A. § 9-11-34 and is intended to include all written or graphic material, however produced or reproduced, of every kind and description, including, but not limited to, the original and any copy, regardless of origin or location, of any books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, handwritten notes, maps, drawings, working papers, charts, papers, graphs, indexes, tapes, data sheets, data-processing cards, computer print-outs, email, electronic record, computer maintained data, computer generated data, photographs, video, movies or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which this Defendant have or have had any access.

This definition includes all documents in this Defendant actual or constructive possession, custody or control, or in the possession, custody or control of this Defendant employer, attorneys or agents. If any document was, but is no longer, in this Defendant possession or subject to this Defendant control or was known to this Defendant, but is no longer in existence, state whether it:

1. Is missing or lost;

2. Has been destroyed;

3. Has been transferred, voluntarily or involuntarily, to others; or

4. Has been otherwise disposed of and, in such instance, explain in detail the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

Any documents that are withheld as work product or privileged shall be identified as such, and the reason for their classification explained in each case. If this Defendant object to answering any part of a request for production, please specify the part to which this Defendant object, and answer the remainder.

**DOCUMENTS TO BE PRODUCED**

1. All documents, statements, photos, or things identified by this Defendant's answers to the Plaintiff's interrogatories above. This interrogatory specifically requests laser color copies or provide a CD with color copies. Plaintiff will gladly provide a CD for this Defendant's use.

2. All such statements or reports referenced in Interrogatory 1 and 2.

3. All such videotapes, photographs, plats or drawings referenced in Interrogatory 4.

4. Any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in referenced in Interrogatory 5.

5. Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatory 10.

6. Any documents obtained through a request for production of documents or subpoena.

7. Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to interrogatory 11.

8. Any and all policy and procedure manuals given to the defendant's employees.

9. Any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.

10. The payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

11. Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to interrogatory 13.

12. Any incident report or other report concerning the incident described in the complaint.

13. Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

14. Any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff was injured.

15. Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the plaintiff.

16. Any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

17. Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

18. Any surveillance videos taken on the day of the incident.

19. Any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.

20. Any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years.

21. Any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years.

Submitted Thursday, May 9, 2024.

**GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC**

*/s/ Elisabeth Maheri*
Elisabeth Maheri, Esq.
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA, 30071-1266
Phone: (678) 667-8965
Fax: (678) 447-0571
Email: emaheri@8334thewin.com

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-04257-S3**
**5/9/2024 12:08 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PAUL SALIM,<br><br>PLAINTIFF,<br><br>V.<br><br>WALMART, INC., WALMART STORES EAST, L.P., AND WALMART CLAIMS SERVICES, INC.,<br><br>DEFENDANTS. | CIVIL ACTION<br>FILE NO.: 24-C-04257-S3 |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART STORES EAST, L.P.**

**REQUEST FOR ADMISSIONS**

In accordance with O.C.G.A. §§ 9-11-26 and 9-11-36, please answer separately each of the following requests for admissions within 30 days after service of this request, or the matter will be deemed admitted.

If objection is made, the reason therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

The term "incident" refers to the motor vehicle incident which is the subject of this lawsuit, and which occurred on or about July 24, 2023.

***DEFENSES***

1. Admit this Defendant has read and personally participated in answering each item in Plaintiff's First Request for Admissions, Interrogatories, and Request for Production of Documents to Walmart Stores East, L.P.
2. Admit this Defendant has been properly served with the summons and complaint.
3. Admit this Defendant will acknowledge service of the summons and complaint.
4. Admit this court has personal jurisdiction over this Defendant.

5. Admit this court has subject-matter jurisdiction in this case.

6. Admit venue is proper in this court.

7. Admit Plaintiff's complaint alleges a specific amount of medical bills incurred because of the incident.

8. Admit this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

9. Admit Plaintiff's complaint was filed before the expiration of the statute of limitations.

10. Admit this Defendant was served with a copy of the complaint prior to the expiration of the statute of limitations.

11. Admit this Defendant was properly named in the complaint.

12. Admit Plaintiff's complaint states a claim of negligence against this Defendant.

***INCIDENT INFORMATION***

13. Admit this Defendant and the Plaintiff were involved in an incident on or about July 24, 2023.

14. Admit the incident occurred at the Walmart Supercenter restaurant located in Duluth, Georgia.

15. Admit this Defendant had exclusive ownership over the premises located at the Walmart Supercenter located in Duluth, Georgia at the time of the incident.

16. Admit Defendant had exclusive possession over the premises located the Walmart Supercenter located in Duluth, Georgia at the time of the incident.

17. Admit this Defendant had exclusive control over the premises located the Walmart Supercenter located in Duluth, Georgia at the time of the of the incident.

18. Admit this Defendant was exclusively responsible for janitorial cleaning of the area involved in Plaintiff's slip and fall.

19. Admit Plaintiff was an invitee on the premises at the time of the incident.

20. Admit, at the time of the incident, there were no cones or other warning signs in the area where the fall occurred.

21. Admit, at the time of the incident, there was an unknown slippery substance on the floor where Plaintiff fell, which constituted a hazardous condition on the Premises at the Walmart Supercenter in Duluth, Georgia.

***INJURIES***

22. Admit Plaintiff was injured as a result of the incident.

23. Admit neither this Defendant, or anyone acting on this Defendant's behalf, has had the Plaintiff's medical records reviewed by an expert.

***LIABILITY***

24. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 15-minute period prior to the Plaintiff's fall.

26. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 10-minute period prior to the Plaintiff's fall.

27. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 5-minute period prior to the Plaintiff's fall.

28. Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 20-minute period prior to the Plaintiff's fall.

29. Admit this Defendant's employees did not remove the unknown slippery substance from the floor prior to the Plaintiff's fall.

30. Admit this Defendant's employees failed to take adequate measures to protect invitees from hazards on the floor at the time of Plaintiff's fall.

31. Admit this Defendant's employees failed to place any warning cones or signs in the area at the time of Plaintiff's fall.

32. Admit Plaintiff did not cause the unknown slippery substance to be placed on the floor at the time of the incident.

33. Admit this Defendant is liable for the actions of its employees at the time of the incident.

34. Admit neither this Defendant, or anyone acting on this Defendant's behalf, has had the Plaintiff's medical records reviewed by an expert.

35. Admit this Defendant does not contend anyone not a Defendant in this action caused or contributed to the Plaintiff's injuries.

***PLAINTIFF'S CONDITION AND TREATMENT***

36. Admit Plaintiff has provided this Defendant with a copy of their medical records and bills following the incident.

37. Admit Plaintiff has provided this Defendant's agent with a copy of their medical records and bills following the incident.

38. Admit after the incident, Plaintiff sought medical treatment.

39. Admit Plaintiff reported they were experiencing pain as a result of the incident.

40. Admit Plaintiff actually experienced the symptoms they reported.

44. Admit Plaintiff reported they were experiencing pain as a result of the incident.

## REQUEST FOR INTERROGATORIES

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the Defendant above named for response within 30 days after service hereof, or 45 days after service of the interrogatories and request for production if served with the complaint, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental responses upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the Defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys, and insurers of the Defendant.

Each request for production shall be produced by Defendant for examination and copying by attorneys and/or agents of Plaintiff. All documents are to be produced at the offices of GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC. at 6825 Jimmy Carter Blvd., Suite 1400, Norcross, Ga 30071 at 10:00am on the thirty-first (31st) day after service of this request for production, or at that time on the succeeding business day if such date is not a business day. If these requests to Produce are served with the complaint, then production shall occur on the forty-sixth (46th) after service of this request for production. Production may be accomplished by mailing cd containing clear colored copies of all requested documents with a response to the attorneys listed at the above office.

**DEFINITIONS**

1) The term "Defendant" as hereinafter used in these interrogatories shall include, in addition to the named party or parties, their attorneys, agents, servants, employees, representatives, private investigators, and others who are in possession of, or who may have obtained information for or on behalf of, the named party or parties. This definition specifically includes any insurance companies and agents acting on behalf of the Defendant.

2) The term "identify" as hereinafter used in these interrogatories with reference to a document means to state the date, author, type of document, or some other means of identifying it and its present location or custodian. If any such document was, but is no longer, in this

Defendant possession or subject to this Defendant control, state what disposition was made of it.

3) The terms "identify" or "identity" as hereinafter used in these interrogatories with reference to an individual person, mean to state his or her full name, present address, telephone number, present or last known position and business affiliation, and his or her position and business affiliation at the time in question.

4) The term "specific" and "specifically" as hereinafter used in these interrogatories, means precisely, exactly or definitely, setting forth in detail the precise and exact sequence of events or transactions entailed in the occurrence, which is the subject of the interrogatory, however if this Defendant are not able to be "specific", then a general answer should be provided.

5) The term "incident" is used to designate that event or events which the Plaintiff alleges occurred and which the Plaintiff claims gave rise to the claim in this lawsuit against the Defendant.

**INTERROGATORIES**

1. State the name and address of any person, including any party, who, to your knowledge, information or belief: (a) Was an eyewitness to the incident complained of in this action; (b) Has some knowledge of any fact or circumstance upon which your defense is based; (c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

2. If, to your knowledge, information or belief, any person identified in answering the preceding interrogatory given any statement or report in connection with this action, describe such statement or report and give the name and address of the person having custody and control thereof.

3. Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

4. Please identify any entity or person with any financial interest, lease or ownership interest in the Walmart Supercenter on the date of the incident.

5. If, to your knowledge, information or belief, there are any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6. If there have been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident, please state: (a) Date of incident; (b) Name, address and telephone number of injured person; (c) Description of incident.

7. Please state the identity of each person working for this Defendant on the premises with any duties for the area where this incident occurred on the date of this incident.

8. If any entity has issued a policy of liability insurance to the defendant, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

9. If any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance, please explain.

10. If this Defendant contends that the plaintiff caused or contributed to the incident in question, state with particularity each and every contention made in this regard and list the documents or witnesses this Defendant relies upon to make such contention.

11. If this Defendant intends to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions

held by each such expert or technician and give a complete summary of the grounds for each opinion held.

12. Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

13. Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

14. If there have ever been any complaints made about the area where this incident occurred, please state: (a) The date(s) of each complaint; (b) The person(s) making each complaint; (c) The nature of each complaint; (d) Any action taken as a result of each complaint.

15. If there were any contracts or agreements with other individuals or entities regarding the maintenance, inspection, or security of the property where the plaintiff fell as described in the complaint, state: (a) The identity of the contracting parties; (b) The address and telephone number of the contracting parties; (c) The duties of the contracting parties.

16. Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident. In regard to each employee, please state: (a) The name of each person; (b) The address of each person; (c) The telephone number of each person; (d) The shift worked by each person if an employee; (e) The job duties and responsibilities of each person if an employee.

17. Please describe any inspection procedures utilized in regard to the area where this incident occurred.

18. Please describe any cleaning procedures utilized in regard to the area where this incident occurred.

19. Have there been any audits, inspections or evaluations of the area where the Plaintiff fell for the past five years?

20. If this Defendant contends a person or entity not a defendant in this action caused or contributed to cause the injuries to Plaintiff, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The term "document" or "documents" is meant to coincide with the use of that term in O.C.G.A. § 9-11-34 and is intended to include all written or graphic material, however produced or reproduced, of every kind and description, including, but not limited to, the original and any copy, regardless of origin or location, of any books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, handwritten notes, maps, drawings, working papers, charts, papers, graphs, indexes, tapes, data sheets, data-processing cards, computer print-outs, email, electronic record, computer maintained data, computer generated data, photographs, video, movies or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which this Defendant have or have had any access.

This definition includes all documents in this Defendant actual or constructive possession, custody or control, or in the possession, custody or control of this Defendant employer, attorneys or agents. If any document was, but is no longer, in this Defendant possession or subject to this Defendant control or was known to this Defendant, but is no longer in existence, state whether it:

1. Is missing or lost;

2. Has been destroyed;

3. Has been transferred, voluntarily or involuntarily, to others; or

4. Has been otherwise disposed of and, in such instance, explain in detail the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

Any documents that are withheld as work product or privileged shall be identified as such, and the reason for their classification explained in each case. If this Defendant object to answering any part of a request for production, please specify the part to which this Defendant object, and answer the remainder.

**DOCUMENTS TO BE PRODUCED**

1. All documents, statements, photos, or things identified by this Defendant's answers to the Plaintiff's interrogatories above. This interrogatory specifically requests laser color copies or provide a CD with color copies. Plaintiff will gladly provide a CD for this Defendant's use.

2. All such statements or reports referenced in Interrogatory 1 and 2.

3. All such videotapes, photographs, plats or drawings referenced in Interrogatory 4.

4. Any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in referenced in Interrogatory 5.

5. Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatory 10.

6. Any documents obtained through a request for production of documents or subpoena.

7. Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to interrogatory 11.

8. Any and all policy and procedure manuals given to the defendant's employees.

9. Any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.

10. The payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

11. Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to interrogatory 13.

12. Any incident report or other report concerning the incident described in the complaint.

13. Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

14. Any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff was injured.

15. Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the plaintiff.

16. Any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

17. Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

18. Any surveillance videos taken on the day of the incident.

19. Any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.

20. Any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years.

21. Any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years.

Submitted Thursday, May 9, 2024.

**GEORGIA TRIAL ATTORNEYS AT KIRCHEN & GRANT, LLC**

*/s/ Elisabeth Maheri*

Elisabeth Maheri, Esq.
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard, Ste 1400
Norcross, GA, 30071-1266
Phone: (678) 667-8965
Fax: (678) 447-0571
Email: emaheri@8334thewin.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL SALIM,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., WAL-MART STORES EAST, L.P., and WALMART CLAIMS SERVICES, INC.<br><br>Defendants. | ) | Civil Action File<br>No. 24-C-04257-S3 |

**DEFENDANT WALMART CLAIMS SERVICES, INC'S ANSWER AND DEMAND FOR JURY TRIAL**

Defendant Walmart Claims Services, Inc. ("defendant"), by and through counsel of record, files this Special Answer to plaintiff's Complaint and shows as follows:

**FIRST DEFENSE**

Plaintiff's failure to specifically state items of special damages sought in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

**SECOND DEFENSE**

Plaintiff's claims are barred against Walmart Claims Services, Inc., as Walmart Claims Services, Inc. has been improperly joined.

**THIRD DEFENSE**

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

1.

The allegations in this paragraph of plaintiff's Complaint do not appear to be directed

toward defendant, and therefore no response is required. To the extent a response is required, defendant admits plaintiff brings this suit for personal injuries allegedly arising from a slip and fall at the Walmart Supercenter in Duluth, GA. Defendant denies the allegations in this paragraph to the extent that they may be construed to suggest any liability on the part of defendant.

2.

Defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

3.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart, Inc. is a proper party to this action, that jurisdiction is proper as to Walmart, Inc., and that venue is proper as to Walmart, Inc. Defendant further denies the address for Walmart, Inc.'s Registered Agent is accurate as alleged in this paragraph of the Complaint. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart, Inc. only.

4.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart Stores East, LP is a corporation. Defendant further denies jurisdiction and venue are proper as to Walmart Stores East, LP. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart Stores East, LP only.

5.

The allegations contained within this paragraph of the Complaint are legal conclusions to

which no response is required. To the extent a response is required, defendant denies Walmart Claims Services, Inc. is a proper party. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart Claims Services, Inc. only.

6.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

7.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant admits its registered agent is in Gwinnett County and that the incident occurred in Gwinnett County. Defendant denies the remaining allegations in this paragraph of the Complaint.

8.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

9.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny wither plaintiff was an invitee. Upon information and belief only, defendant admits the remaining allegations in this paragraph of the Complaint.

10.

Defendant admits only that Walmart Stores East, LP operated the premises. Defendant

denies the remaining allegations contained within this paragraph of plaintiff's Complaint.

11.

Defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

12.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

13.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

14.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

15.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart

Claims Services, Inc.

16.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

17.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

18.

Defendant incorporates by reference the responses to paragraphs 1-17 of plaintiff's Complaint.

19.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

20.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

21.

Defendant incorporates by reference the responses to paragraphs 1-20 of plaintiff's Complaint.

22.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

23.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

24.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

25.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

26.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

27.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge as to plaintiff's negligence or contribution to the alleged harm. Defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart Claims Services, Inc.

28.

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to is specifically denied by defendant.

WHEREFORE, having fully answered plaintiff's Complaint, defendant prays:

a) that plaintiff's Complaint be dismissed;

b) that defendant have judgment in its favor;

c) that defendant have a trial by jury of twelve persons; and

d) that defendant have all other proper relief.

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

_Kayla Bell___________
Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell

(State Bar No. 669286)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Elisabeth Maheri, Esq.
GEORGIA TRIAL ATTORNEYS
AT KIRCHEN & GRANT, LLC
6825 Jimmy Carter Blvd.
Suite 1400
Norcross, GA 30071-1266
emaheri@8334thewin.com

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

_Kayla Bell___________
Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell
(State Bar No. 669286)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL SALIM,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., WAL-MART STORES EAST, L.P., and WALMART CLAIMS SERVICES, INC.<br><br>Defendants. | ) | Civil Action File<br>No. 24-C-04257-S3 |

**DEFENDANT WALMART STORES EAST, L.P.**
**ANSWER AND DEMAND FOR JURY TRIAL**

Defendant Walmart Stores East, L.P. ("defendant"), by and through counsel of record, files this Special Answer to plaintiff's Complaint and shows as follows:

**FIRST DEFENSE**

Plaintiff's failure to specifically state items of special damages sought in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

**SECOND DEFENSE**

Venue is improper for this defendant.

**THIRD DEFENSE**

Service of process is insufficient.

**FOURTH DEFENSE**

This Court lacks personal jurisdiction over defendant.

**FIFTH DEFENSE**

Responding to the specific allegations of the numbered paragraphs of plaintiff's

Complaint, defendant responds as follows:

1.

The allegations in this paragraph of plaintiff's Complaint do not appear to be directed toward defendant, and therefore no response is required. To the extent a response is required, defendant admits plaintiff brings this suit for personal injuries allegedly arising from a slip and fall at the Walmart Supercenter in Duluth, GA. Defendant denies the allegations in this paragraph to the extent that they may be construed to suggest any liability on the part of defendant.

2.

Defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

3.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart, Inc. is a proper party to this action, that jurisdiction is proper, and that venue is proper. Defendant further denies the address for Walmart, Inc.'s Registered Agent is accurate as alleged in this paragraph of the Complaint. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart, Inc. only.

4.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart Stores East, LP is a corporation. Defendant further denies jurisdiction and venue are proper. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to

Walmart Stores East, LP only.

5.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart Claims Services, Inc. is a proper party. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart Claims Services, Inc. only.

6.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

7.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant Walmart Claims Services, Inc.'s registered agent is in Gwinnett County and that the incident occurred in Gwinnett County. Defendant denies the remaining allegations in this paragraph of the Complaint.

8.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

9.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny wither plaintiff was an invitee. Upon information

and belief only, defendant admits the remaining allegations in this paragraph of the Complaint.

10.

Defendant admits only that Walmart Stores East, LP operated the premises. Defendant denies the remaining allegations contained within this paragraph of plaintiff's Complaint.

11.

Defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

12.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies it owned the premises. Defendant otherwise admits to all duties imposed by law.

13.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

14.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

15.

The allegations contained within this paragraph of the Complaint are legal conclusions to

which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

16.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant admits to all duties imposed by law.

17.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

18.

Defendant incorporates by reference the responses to paragraphs 1-17 of plaintiff's Complaint.

19.

Defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

20.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

21.

Defendant incorporates by reference the responses to paragraphs 1-20 of plaintiff's Complaint.

22.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

23.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

24.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

25.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

26.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without

sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

27.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

28.

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to is specifically denied by defendant.

WHEREFORE, having fully answered plaintiff's Complaint, defendant prays:

a) that plaintiff's Complaint be dismissed;

b) that defendant have judgment in its favor;

c) that defendant have a trial by jury of twelve persons; and

d) that defendant have all other proper relief.

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT
Kayla Bell
Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell
(State Bar No. 669286)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Elisabeth Maheri, Esq.
GEORGIA TRIAL ATTORNEYS
AT KIRCHEN & GRANT, LLC
6825 Jimmy Carter Blvd.
Suite 1400
Norcross, GA 30071-1266
emaheri@8334thewin.com

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

_Kayla Bell___________
Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell
(State Bar No. 669286)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL SALIM,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., WAL-MART STORES EAST, L.P., and WALMART CLAIMS SERVICES, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File<br>No. 24-C-04257-S3 |

**DEFENDANT WALMART, INC'S ANSWER AND DEMAND FOR JURY TRIAL**

Defendant Walmart, Inc. ("defendant"), by and through counsel of record, files this Special Answer to plaintiff's Complaint and shows as follows:

**FIRST DEFENSE**

Plaintiff's failure to specifically state items of special damages sought in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

**SECOND DEFENSE**

Plaintiff's claims are barred against Walmart, Inc., as Walmart, Inc. has been improperly joined.

**THIRD DEFENSE**

Service of process is insufficient.

**FOURTH DEFENSE**

This Court lacks personal jurisdiction over defendant.

**FIFTH DEFENSE**

Venue is improper for this defendant.

**SIXTH DEFENSE**

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

1.

The allegations in this paragraph of plaintiff's Complaint do not appear to be directed toward defendant, and therefore no response is required. To the extent a response is required, defendant admits plaintiff brings this suit for personal injuries allegedly arising from a slip and fall at the Walmart Supercenter in Duluth, GA. Defendant denies the allegations in this paragraph to the extent that they may be construed to suggest any liability on the part of defendant.

2.

Defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

3.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart, Inc. is a proper party to this action, that jurisdiction is proper, and that venue is proper. Defendant further denies the address for Walmart, Inc.'s Registered Agent is accurate as alleged in this paragraph of the Complaint. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart, Inc. only.

4.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart Stores East, LP is a corporation. Defendant further denies jurisdiction and venue are proper. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart Stores East, LP only.

5.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies Walmart Claims Services, Inc. is a proper party. Defendant admits the remaining allegations in this paragraph of plaintiff's complaint as to Walmart Claims Services, Inc. only.

6.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

7.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant Walmart Claims Services, Inc.'s registered agent is in Gwinnett County and that the incident occurred in Gwinnett County. Defendant denies the remaining allegations in this paragraph of the Complaint.

8.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant admits the

allegations contained within this paragraph of plaintiff's Complaint.

9.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge to either admit or deny wither plaintiff was an invitee. Upon information and belief only, defendant admits the remaining allegations in this paragraph of the Complaint.

10.

Defendant admits only that Walmart Stores East, LP operated the premises. Defendant denies the remaining allegations contained within this paragraph of plaintiff's Complaint.

11.

Defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

12.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

13.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

14.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

15.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

16.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

17.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

18.

Defendant incorporates by reference the responses to paragraphs 1-17 of plaintiff's Complaint.

19.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

20.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

21.

Defendant incorporates by reference the responses to paragraphs 1-20 of plaintiff's Complaint.

22.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

23.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

24.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the

allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

25.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to either admit or deny the allegations contained within this paragraph of plaintiff's Complaint.

26.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

27.

The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendant is without sufficient knowledge as to plaintiff's negligence or contribution to the alleged harm. Defendant denies the allegations contained within this paragraph of plaintiff's Complaint as they relate to Walmart, Inc.

28.

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to is specifically denied by defendant.

WHEREFORE, having fully answered plaintiff's Complaint, defendant prays:

a) that plaintiff's Complaint be dismissed;

b) that defendant have judgment in its favor;

c) that defendant have a trial by jury of twelve persons; and

d) that defendant have all other proper relief.

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

_Kayla Bell___________

Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell
(State Bar No. 669286)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Elisabeth Maheri, Esq.
GEORGIA TRIAL ATTORNEYS
AT KIRCHEN & GRANT, LLC
6825 Jimmy Carter Blvd.
Suite 1400
Norcross, GA 30071-1266
emaheri@8334thewin.com

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

_Kayla Bell___________
Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell
(State Bar No. 669286)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL SALIM,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., WAL-MART STORES EAST, L.P., and WALMART CLAIMS SERVICES, INC.<br><br>Defendants. | ) | Civil Action File<br>No. 24-C-04257-S3 |

**DEFENDANTS' NOTICE OF FILING PETITION FOR REMOVAL**

Defendants Walmart, Inc., Walmart Stores East, LP, and Walmart Claims Services, Inc., by and through counsel, file this notice to all parties pursuant to 28 U.S.C. § 1446(a) that they have filed their Petition of Removal of this action to the U.S. District Court, Northern District of Georgia, Atlanta Division, which was contemporaneously filed with this Notice.

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Kayla Bell
Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell
(State Bar No. 669286)
*Attorneys for Defendants*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Elisabeth Maheri, Esq.
GEORGIA TRIAL ATTORNEYS
AT KIRCHEN & GRANT, LLC
6825 Jimmy Carter Blvd.
Suite 1400
Norcross, GA 30071-1266
emaheri@8334thewin.com

This 3rd day of July, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

_Kayla Bell___________
Rakhi D. McNeill
(State Bar No. 601029)
Kayla Bell
(State Bar No. 669286)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
rmcneill@waldonadelman.com
kbell@waldonadelman.com